UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 10-10767 |
| ADVOCATE FINANCIAL, LLC | * | Chapter 11 |
| Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OBJECTION TO *EX PARTE* MOTION OR, IN THE ALTERNATIVE, EXPEDITED MOTION FOR STAY PENDING APPEAL

**MAY IT PLEASE THE COURT:** Hancock Bank of Louisiana ("Hancock Bank") files this Objection in response to the Debtor's *Ex Parte Motion or in the Alternative Expedited Motion for Stay Pending Appeal*, (the "Motion") for the following reasons:

**I.    The Debtor's Request for a Stay Pending Appeal is Barred by *Res Judicata*.**

According to relevant Fifth Circuit jurisprudence, to determine whether a claim is barred by the doctrine of *res judicata*, ". . . the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.'"[1] Applying those principles to this case, the Debtor's Motion seeks the same substantive relief as its prior motion requesting a stay pending appeal (Doc. No. 116), involves the exact same legal issues and factual evidence that was considered by Judge Magner, and involves the same parties. Additionally, at no time does the Debtor challenge the jurisdiction of the Eastern District Bankruptcy Court, much less question the finality of Judge Magner's Order, or the Debtor's right to appeal the same under Bankruptcy Rule 8005. On its face then, the Debtor's Motion is plainly barred by the principles of *res judicata*[2] and the relief requested by the Debtor in its Motion should be summarily denied.

---

[1] *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (*en banc*) (*quoting Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir.1979)).

[2] *See e.g., In re Shavers*, 06-30106, 2006 WL 2845823 *1 (5th Cir. (La) October 4, 2006).

## II. The Debtor's Request of this Court for a Stay Pending Appeal is Procedurally Improper.

The plain language of Bankruptcy Rule 8005 makes it clear that a party seeking a stay pending appeal must first seek relief from the bankruptcy court which rendered the judgment, order, or decree *in the first instance*. As mentioned above, the Debtor in this case has already done that. However, if the relief requested is denied by that bankruptcy court, then jurisprudence makes it clear that the party next may seek relief from the relevant district court.[3] Rather than seek relief with the Eastern District of Louisiana however, the Debtor filed its Motion with this Court in attempt to have this Court reconsider the validity of Judge Magner's earlier ruling. Despite its efforts to locate a case or rule that would ever permit the filing of the Motion with this Court, counsel for Hancock Bank is unable to locate any, much less any case law involving an attempt by an appellant to circumvent the ruling of one bankruptcy court, by seeking the same relief from another bankruptcy court. Not only is the Debtor's Motion barred under the principles of *res judicata*, but it is procedurally improper and should be denied without any consideration by this Court.

## III. Even if the Debtor is not barred by *Res Judicata* and the Debtor's Request is Procedurally Proper, the Debtor is Not Entitled to a Stay Pending its Appeal of the Transfer Order.

The Fifth Circuit has adopted a four prong test to guide Courts in the exercise of their discretion on whether or not a stay pending appeal under Bankruptcy Rule 8005 is appropriate. Specifically, the party who seeks to stay a non-monetary order pending appeal must show: (1) likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) absence of substantial harm to the other parties from granting the stay; and, (4) service to the public interest

---

[3] *See e.g., Tooke v. Sunshine Trust Mortgage Trust No. 86-225,* 149 B.R. 687, 689 (M.D. Fla. 1992); *In re Duncan,* 107 B.R. 758 (W.D. Okl. 1988).

from granting the stay.[4] All of the factors must be present in order to obtain a stay and the failure to satisfy even one of the factors should lead to denial of the motion.[5] While Debtor briefly touches on those elements in its Motion, the facts prove that none are actually present in this case.

### A. There is no likelihood of success on the merits because the ruling of the Bankruptcy Court for the Eastern District was correct.

Regardless of the Debtor's attempts to mischaracterize the basis of Judge Magner's ruling on Hancock Bank's motion to transfer venue, the record of this entire Case, the Debtor's own pleadings, and the evidence adduced at the hearing on Hancock Bank's motion to transfer venue all support Judge Magner's decision to transfer the Case to this Court. Indeed, as Hancock Bank proved at the hearing on its transfer motion, the Debtor's original venue choice was fundamentally improper under by 28 U.S.C. § 1408. After all, the Debtor's domicile, principal place of business, and the true location of its principal assets were all located in Baton Rouge for the *entirety* of its existence until immediately before its bankruptcy petition was filed.[6] As also argued in Hancock's motion, the location of the Debtor's own attorneys, their offices, and the physical location of the account debtors themselves is wholly irrelevant to the determination of whether venue is proper under 28 U.S.C. § 1408.[7] The reality is that at the end of the day, the Debtor's own attempt to "forum shop" failed, and upon recognizing that the Eastern District was an improper venue, Judge Magner was left, *as matter of law*, with only one of two options under 28 U.S.C. § 1406: (1) either dismiss the Case, or (2) transfer the Case to the proper district.

---

[4] *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986) (*citing Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)); *see also In re Stewart*, No. 07-11113, 2008 WL 5096011 *1 (Bankr. E.D. La. Oct. 15, 2008); *In the Matter of Ellzey*, No. 05-11173, 2009 WL 2848851 *2 (Bankr. E.D. La. July 20, 2009).
[5] *In re Stewart*, No. 07-11113, 2008 WL 5096011, at *1 (Bankr. E.D. La. Oct. 15, 2008) (citing *In re Section 20 Land Group, Ltd.*, 252 B.R. 819, 821 (Bankr. M.D.Fla 2000)).
[6] Hancock Bank would also note that despite the Debtor's repeated suggestions to the contrary, the Debtor was not authorized to open an office in New Orleans until March 9, 2010—seven days after the Debtor filed its Petition for relief.
[7] *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).

Rather than dismiss the Case, Judge Magner correctly ordered that the Case be transferred to this Court, since the Middle District is the proper district under 28 U.S.C. § 1408. Because the ruling of the Eastern District Bankruptcy Court was eminently correct, there is no chance of success on the merits for the Debtor and the Motion should be denied.

B.  **The Debtor's reason for the stay lacks merit, and does not evidence irreparable injury.**

As the Debtor argued in its previous motion for stay, the Debtor again asserts in this Motion that failure to obtain a stay will result in duplicative efforts, implying that until the venue issue is decided any and all litigation which may occur while it pursues its appeal will have to be either confirmed and/or repeated. Again, why any decision of either this Court or the Eastern District Bankruptcy Court would not be subject to the principles of *res judicata* is not explained by the Debtor. In addition, transferring a case to the proper district in compliance with the statutory construct mandated by Congress or contesting repeated, over-reaching requests for stay pending appeal can hardly be characterized as "forum shopping" or unduly litigious. Rather, as outlined in Hancock Bank's "*Ex Parte* Motion for Order Confirming Existing Orders and for Evidentiary Hearing Date" (Doc. No.139) the Debtor's ongoing lack of cooperation, repeated attempts to delay progress in this matter, and the need for immediate clarification on issues related to the location, status, and current use of Hancock Bank's cash collateral are the only factors motivating Hancock Bank's request for an expedited hearing on those issues. Any difficulty or increased cost incurred by the Debtor in complying with previously rendered Orders or contesting a legitimate transfer of venue is the result of the Debtor's own strategically oriented actions; not Hancock Bank's. In short, neither the increased costs caused by the Debtor's own attempts to forum shop nor ongoing ambiguity caused by the Debtor's appeal of the venue issue give rise to "irreparable injury" under the law.

### C. The Debtor's dilatory tactics will result in substantial harm to the creditors of this estate.

The Debtor's filing of this Motion only bolsters the conclusion that its sole goal in this Case is to cause as much delay, confusion, and litigation as possible so that any smooth administration of this estate will be frustrated. After all, even though the Debtor already requested (and failed) to obtain a stay pending its Appeal, it now files the exact same request again with this Court, in attempt to effectively appeal Judge Magner's ruling and circumvent the effects of *res judicata*. Furthermore, the Debtor's request for a stay of *all proceedings* in this Case is, in and of itself, clearly beyond the scope of Bankruptcy Rule 8005, and well beyond the scope of any *ex parte* motion. Even if such a request were appropriate, placing the entire case on hold pending the appeal will result in substantial harm to all creditors of the estate (not just Hancock Bank). Indeed, the Debtor is essentially arguing that all attempts to make it accountable or a responsible steward of the estate be stayed pending its Appeal, and that during that time, it should still be allowed to continue its operations, not to mention its collection and liquidation of Hancock Bank's cash collateral. Clearly, freeing the Debtor of any affirmative accounting responsibility pending its Appeal could very well cause serious and substantial harm to the estate's creditors. Put simply, other than to argue that it may be forced to argue against the "motions filed by Hancock Bank," the Debtor fails to prove the *absence of substantial harm* to the creditors of this case in the event the stay it has requested is granted.

### D. Finally, the public interests are not served by granting the Debtor's request for a stay.

If there are public interests at stake in this matter, those interests weigh in favor of bankruptcy cases being timely administered in accordance with the law. The Debtor's motion seeking to expand the scope of a stay pending appeal to enjoin all proceedings is clearly outside

the public interests. Because the Debtor's motion fails to satisfy any of the four prongs for entering a stay pending an appeal, the motion should be denied.

**WHEREFORE**, Hancock Bank of Louisiana respectfully prays that the Motion of the Debtor for a stay pending its appeal be summarily denied.

Respectfully submitted,

_____
Stephen P. Strohschein, LA Bar Roll # 12541
E. Stewart Spielman, LA Bar Roll #28766
Lillian Luffey Paxton, LA Bar Roll #31847
**McGlinchey Stafford, PLLC**
One American Place, Fourteenth Floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

and

Richard A. Aguilar, LA Bar Roll # 17439
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-9600

ATTORNEYS FOR HANCOCK BANK OF LOUISIANA