UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 10-10767 |
| ADVOCATE FINANCIAL, LLC | * | Chapter 11 |
| Debtor | * | |

*******************************************************************

## LIMITED OBJECTION BY HANCOCK BANK OF LOUISIANA TO DEBTOR'S MOTION FOR AN ORDER EXTENDING THE TIME PERIODS WITHIN WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND A DISCLOSURE STATEMENT AND TO OBTAIN ACCEPTANCES OF A PLAN OF REORGANIZATION

Hancock Bank of Louisiana ("Hancock Bank") is a creditor of the above captioned Debtor and files this objection to the Debtor's Motion for an Order Extending the Time Periods within which the Debtor has the Exclusive Right to File a Plan of Reorganization and a Disclosure Statement and to Obtain Acceptances of a Plan of Reorganization (the "Motion"), for the following reasons.

1.

The Debtor filed the above captioned case on March 2, 2010 and remains in possession and control of its assets pursuant to §§1107 and 1108 of the Bankruptcy Code.

2.

Hancock Bank is a creditor uniquely concerned with the Debtor's Motion as it was the Debtor's primary lender pre-petition and extended credit on the basis of its security interest in various promissory notes made payable to the Debtor, which notes comprise the only significant assets of the Debtor.

3.

As discussed below, despite the Debtor's assertions to the contrary, there is no "cause" that could possibly warrant the extension of the exclusivity period through the end of this year.

4.

First, Hancock Bank recently filed a Motion to Appoint a Trustee (Doc. 168) in order to remove the Debtor from possession and control of its assets and to establish someone who can impartially administer the assets of the estate, recover avoidable transfers, and fairly ascertain the current status of collection efforts of the Paper Collateral. The contents of that Motion are incorporated and reasserted herein by reference in further opposition to the Debtor's Motion to Extend. Hancock Bank's Motion to Appoint a Trustee is currently scheduled for hearing before this Court on July 9, 2010 (the same day as the Debtor's meeting of creditors). Until this Court makes a determination on whether a Trustee should be appointed, any hearing on the Debtor's Motion to Extend should be continued.

5.

Secondly, the Debtor's assertion that a hearing is still needed to determine the validity of Hancock Bank's security interest in the collateral is surprising considering the fact that Judge Magner already ruled on that very issue at the April 21, 2010 hearing on the Debtor's interim use of cash collateral. In that Court's "Memorandum to Record," (Doc. No. 91, entered on April 22, 2010) Judge Magner concluded that " Hancock has a valid security interest ranking as of October 9, 2009." Thus, in truth, the only remaining issue that needs to be resolved with respect to Hancock Bank's cash collateral, is the terms and conditions of the estate's use of the same, if any. A hearing on that issue has been scheduled by this Court for July 21, 2010 at 1:30 p.m.

6.

Furthermore, with respect to the Debtor's argument that its appeal warrants the extension of the exclusivity period, it is important to note that the deadline for briefing the same is, at the latest, July 15, 2010. Thus, while a decision from the District Court may not be rendered

immediately, it will likely be rendered before the end of this summer. Additionally, the Debtor offers no rationale for why the District Court's ruling on that appeal will even impact the administration of this estate.

7.

In light of the above deadlines, Hancock Bank asserts that an extension of the exclusivity period to December 27, 2010 and beyond is wholly unsupportable by the facts of this case and any such request should be denied.

**WHEREFORE**, Hancock Bank of Louisiana objects to the Debtor's Motion for an Order Extending the Time Periods within which the Debtor has the Exclusive Right to File a Plan of Reorganization and a Disclosure Statement and to Obtain Acceptances of a Plan of Reorganization and prays that the Court deny the Motion as currently presented.

Respectfully submitted,

_____
Stephen P. Strohschein, LA Bar Roll # 12541
E. Stewart Spielman, LA Bar Roll #28766
Lillian Luffey Paxton, LA Bar Roll #31847
**McGlinchey Stafford, PLLC**
One American Place, Fourteenth Floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR HANCOCK BANK OF LOUISIANA