# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: ADVOCATE FINANCIAL, L.L.C. | * | NUMBER 10-10767 |
| Debtor | * | |
| | * | CHAPTER 11 |
| | * | REORGANIZATION |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## MOTION TO TRANSFER CASE PURSUANT TO BANKRUPTCY RULE 1014(a)

### Facts and Procedural History

On March 2, 2010, Advocate Financial, L.L.C., the debtor herein (hereinafter referred to, interchangeably, as "Advocate" or the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Advocate is continuing in possession of its property and is operating its business as a debtor-in-possession subject to limitations imposed by the Court regarding the use of cash collateral.

Advocate is engaged in the business of lending money to attorneys, law firms, and litigants to fund the reasonable and necessary expenses of litigation. Advocate's assets consist mostly of notes receivable and/or accounts receivable, evidenced by promissory notes and related loan and security documents executed by attorneys, law firms, and their clients. Advocate's assets also consist of its rights and claims, as plaintiff or judgment creditor, in lawsuits that it files to recover loans that are in default.

Beginning in April of 2003, Hancock Bank of Louisiana ("Hancock") and Advocate established a lender-borrower relationship, which resulted in an initial line of credit loan in the

principal amount of $1,750,000.00. During approximately the next seven years, Hancock increased the limit of the line of credit loan several times, ultimately increasing the limit to $10 million; during that time Hancock also renewed and extended the line of credit loan and its maturity date eight times, the most recent of which renewed the loan and extended its maturity date to January 31, 2010. On February 2, 2010, however, one business day after the maturity date established by the eighth loan renewal, Hancock filed a lawsuit against Advocate. Because of the long-term relationship that had been established between Hancock and Advocate, and because Hancock and Advocate were also engaged in discussions to restructure the line of credit loan at the time, Hancock's lawsuit, immediately after the maturity date of the eighth loan renewal, surprised Advocate and forced it to file its Chapter 11 petition less than thirty (30) days later, on March 2, 2010.

Hancock's abrupt discontinuance of Advocate's line of credit, which was Advocate's only source to fund its loans to its customers, also resulted in Advocate losing the ability to continue to make loans to its existing customers and to attract new customers, which has placed Advocate on the verge of having to discontinue its business operations altogether. Hancock's actions also resulted in Advocate closing its office in Baton Rouge and opening a much smaller office in New Orleans. Advocate did not do this in an attempt to establish a place of business for venue purposes within the jurisdiction of the Eastern District Bankruptcy Court, as Hancock has erroneously suggested; Advocate closed its former office in Baton Rouge because Hancock's unexpected actions also forced Advocate to abruptly lay off all but one of its employees, which made the size of Advocate's leased premises in Baton Rouge far larger than Advocate then required and more expensive than appropriate under the changed circumstances.

Because the majority of Advocate's assets were located within the jurisdictional boundaries of the Eastern District Bankruptcy Court for more than 180 days prior to the date on which Advocate filed its Chapter 11 petition, Advocate filed its petition in the Eastern District of Louisiana (No. 10-10615). Hancock filed an objection of improper venue and sought to have the case transferred to the Middle District of Louisiana. Following a hearing on said objection on April 21, 2010, the Eastern District Bankruptcy Court issued an Order Transferring Venue, dated April 23, 2010, and ordered the case transferred to this Court. Rec. Doc. No. 94. Advocate has appealed that Order to the United States District Court for the Eastern District of Louisiana, No. 10-1528 on the docket of said Court.

Advocate has filed the instant motion, protectively, to transfer this case back to the Eastern District Bankruptcy Court pursuant to Bankruptcy Rule 1014(a). If the Order Transferring Venue is reversed and set aside on appeal while the instant motion to transfer is still pending, the instant motion will become moot, whereupon Advocate will withdraw its motion. Likewise, if this Court grants the instant motion and transfers the case back to the Eastern District while Advocate's appeal of the transfer order is pending, Advocate's appeal of the transfer order will become moot, whereupon Advocate will file a motion to dismiss its appeal. The appeal and this motion are not inconsistent with each other or mutually exclusive of each other.

## Law and Argument

In its appeal of the transfer order, Advocate intends to show that the transfer order was incorrect, because the Eastern District was a court of proper venue at the time Advocate filed its petition. The instant motion, however, is premised on the position that, even if the Eastern District

was not a court of proper venue at the time Advocate filed its petition, the case should nevertheless be transferred back to the Eastern District, pursuant to Bankruptcy Rule 1014(a), because the interest of justice and the convenience of the parties require such a transfer. Bankruptcy Rule 1014(a)(1) provides as follows:

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.[1]

There are generally six factors that a court is to consider in determining whether a Chapter 11 case should be transferred pursuant to Rule 1014(a). Those factors are:

1. The proximity of creditors of every kind to the court;

2. The proximity of the debtor to the court;

3. The proximity of the witnesses necessary to the administration of the estate;

4. The location of the assets;

5. The economic administration of the estate; and

6. The necessity for ancillary administration if bankruptcy should result.

*In the Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979). With respect to those six factors, the most important consideration is whether a transfer would promote

---

[1] *Arguendo*, if venue is proper in the Middle District Bankruptcy Court, then Bankruptcy Rule 1014(a)(1) applies, but even if this case was initially filed in a court of improper venue, then Bankruptcy Rule 1014(a)(2) applies, and its wording is virtually identical to Rule 1014(a)(1), the only difference being that (a)(1) applies when a case is filed in a proper district, whereas (a)(2) applies when a case is not filed in a proper district.

the economic and efficient administration of the estate. *Id.* As the following will show, the above factors overwhelmingly militate in favor of transferring this case to the Eastern District of Louisiana.

1. The Proximity of Creditors of Every Kind to the Court

The schedule of creditors that Advocate filed with its Chapter 11 petition lists four creditors. One is located in New Orleans, one is located in Geneva, Switzerland, one is located in Memphis, Tennessee, and one (Hancock) is located in Baton Rouge and New Orleans. This factor either militates in favor of transferring this case to the Eastern District Bankruptcy Court, or this is a neutral factor under the circumstances. However, all five of the other factors strongly militate in favor of transferring the case to the Eastern District of Louisiana.

2. The Proximity of the Debtor to the Court

The Debtor's sole office and place of business is located at 1319 St. Charles Avenue in New Orleans, approximately five minutes away from the Eastern District Bankruptcy Court. This factor militates in favor of transferring the case to the Eastern District Bankruptcy Court.

3. The Proximity of Witnesses Necessary to the Administration of the Estate

It is expected that, other than perhaps a bank representative or two from Hancock Bank whose offices might be located in Baton Rouge, all or nearly all of the witnesses in this case work in areas within the New Orleans metropolitan area or within other areas within the jurisdiction of the Eastern District Bankruptcy Court. As a result, this factor also militates in favor of transferring the case to that Court.

### 4. The Location of Assets

The vast majority of the Debtor's assets consist of notes receivable, which are evidenced by promissory notes and other related loan documents. The situs of an intangible asset such as a promissory note is determined by the locations of the account debtors who are obligated under those promissory notes. *See, e.g., In re J&L Plumbing & Heating*, 186 B.R. 388, 392 (Bankr. E.D. Pa. 1995); and *In re World of English*, 16 B.R. 817, 819 (Bankr. N.D. Ga. 1982). Advocate currently has 28 loan accounts with law firms or individual attorneys. Of those, 16 (57%) of the law firms and attorneys are located in the New Orleans metropolitan area or other areas within the jurisdiction of the Eastern District Bankruptcy Court, whereas only 7 (25%) are located anywhere within the jurisdiction of the Middle District Bankruptcy Court.[2] Moreover, although the situs of the Debtor's assets that consist of notes receivable is not determined by the location of the promissory notes and other related loan documents, all of the Debtor's promissory notes and other related loan documents are located at the Debtor's office in New Orleans, within the jurisdiction of the Eastern District Bankruptcy Court. Therefore, this factor also militates in favor of transferring the case to the Eastern District Bankruptcy Court.

### 5. The Economic Administration of the Estate

The economic administration of the estate is the most important consideration under Rule 1014(a). *In the Matter of Commonwealth Oil Refining Co., Inc., supra.* Clearly, transferring the case to the Eastern District Bankruptcy Court would be more economically-efficient to the Debtor

---

[2] The remaining 5 law firms and attorneys are located either outside of Louisiana or within the jurisdiction of the Western District of Louisiana.

than allowing the case to remain in the Middle District Bankruptcy Court, as Judge Magner stated at the hearing on Hancock's Motion to Transfer Venue:

> [The Court] believes that the transfer [to the Middle District Bankruptcy Court] is going to create *significant additional administrative expenses for this estate, for no particular purpose or benefit.* I am very disappointed with the decision of Hancock Bank [not to withdraw its objection to venue], which appears to really be self-interested and only for its benefit and not the benefits of this estate ... .

Transcript of hearing on April 21, 2010, page 105 (a copy of which is attached hereto as Exhibit "A"), lines 3-9 (emphasis added).[3]

Judge Magner was correct. It would be significantly less expensive for the Debtor if this case were to proceed in the Eastern District Bankruptcy Court than it would be if this case were to remain in this Court. Considering that this factor is the most important among the six factors, this factor, alone, is sufficient reason to transfer this case to the Eastern District Bankruptcy Court.

6. <u>The Necessity for Ancillary Administration if Bankruptcy Should Result</u>

If this case were converted to a Chapter 7 case, it would be more appropriate for the case to be in the Eastern District Bankruptcy Court for any necessary ancillary administration of the case. The same factors set forth above, *viz.*, the proximity of creditors of every kind to the Court, the proximity of the Debtor to the Court, the proximity of the witnesses necessary to the administration of the estate, the location of the Debtor's assets, and the economic administration of the estate, would

---

[3] Judge Magner also stated that she would accept the return of this case if a motion to transfer the case back to the Eastern District is granted. Transcript of hearing on May 12, 2010, page 7 (a copy of which is attached hereto as Exhibit "B"), lines 6-23.

also all militate in favor of transferring this case to the Eastern District Bankruptcy Court with respect to any ancillary administration in a Chapter 7 case.

The only connexity that this case has with the Middle District of Louisiana is that Hancock has an office in Baton Rouge, and the law firm that represents Hancock in this case also has an office in Baton Rouge. That is irrelevant, however; those are not factors for the Court to consider under Rule 1014(a). Moreover, even if those factors were relevant, it would also be important to note that Hancock also has offices in New Orleans (perhaps more offices than it has in Baton Rouge), and the main office of the law firm that represents Hancock in this case is also located in New Orleans, just across the street from the Eastern District Bankruptcy Court.

## Conclusion

As the foregoing amply shows, in the interest of justice and for the convenience of the parties, this case should be transferred to the Bankruptcy Court for the Eastern District of Louisiana. It is likely that Hancock will be the only party that will object to Advocate's Motion to Transfer this case to the Eastern District of Louisiana, but that is also an insufficient reason not to transfer the case. There is simply no reason for this case to be in the Middle District Bankruptcy Court, whereas

there are many compelling reasons why the case belongs in and should be transferred to the Eastern District Bankruptcy Court.

Respectfully Submitted,

BALDWIN HASPEL BURKE & MAYER, L.L.C.

/s/ Stephen P. Schott
DENNIS M. LABORDE (La. Bar No. 17979)
LANCE J. ARNOLD (La. Bar No. 18768)
STEPHEN P. SCHOTT (La. Bar No. 2096)
JENA W. SMITH (La. Bar No. 25255)
2200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2200
Telephone: 504-569-2900
Telecopier: 504-569-2099
Attorneys for Advocate Financial, L.L.C.