UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

July 27, 2010

**RECEIVED**

JUL 29 2010

United States Bankruptcy Court
Middle District of Louisiana

Monica M. Menier, Clerk
United States Bankruptcy Court
Middle District of Louisiana
707 Florida Street, Room 119
Baton Rouge, Louisiana 70801

Re: Civil Action No. 10-1528 "S"
In re Advocate Financial, L.L.C.

Dear Ms. Menier:

On July 26, 2010, the Honorable Mary Ann Vial Lemmon, United States District Judge for this district, entered an order transferring the above captioned case to the United States Bankruptcy Court for the Middle District of Louisiana.

The official court record for the Eastern District of Louisiana is the electronic case filing systems, CM/ECF. Please be advised you may access this databases to obtain original pleadings. Our web site is: http://ecf.laed.circ5.dcn. Please use your court's Pacer account and password to access these documents. If you have any problems, please do not hesitate to contact us.

Below is a list of manual filings, exhibits and/or sealed documents, that, due to system limitations or local administrative procedures, require manual transmission:

## None

Please acknowledge receipt on the enclosed copy of this letter and return to us for our files.

For questions regarding this document or transmission, please call our CM/ECF Help Desk at 504-589-7788.

Pursuant to said order, we are forwarding herewith a certified copy of the docket sheet.

Very truly yours,

LORETTA G. WHYTE, CLERK

By: _____
Deputy Clerk

Enclosures

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

July 27, 2010

Monica M. Menier, Clerk
United States Bankruptcy Court
Middle District of Louisiana
707 Florida Street, Room 119
Baton Rouge, Louisiana 70801

      Re: Civil Action No. 10-1528 "S"
            In re Advocate Financial, L.L.C.

Dear Ms. Menier:

On July 26, 2010, the Honorable Mary Ann Vial Lemmon, United States District Judge for this district, entered an order transferring the above captioned case to the United States Bankruptcy Court for the Middle District of Louisiana.

The official court record for the Eastern District of Louisiana is the electronic case filing systems, CM/ECF. Please be advised you may access this databases to obtain original pleadings. Our web site is: http://ecf.laed.circ5.dcn. Please use your court's Pacer account and password to access these documents. If you have any problems, please do not hesitate to contact us.

Below is a list of manual filings, exhibits and/or sealed documents, that, due to system limitations or local administrative procedures, require manual transmission:

**None**

Please acknowledge receipt on the enclosed copy of this letter and return to us for our files.

For questions regarding this document or transmission, please call our CM/ECF Help Desk at 504-589-7788.

Pursuant to said order, we are forwarding herewith a certified copy of the docket sheet.

                                  Very truly yours,

                                  LORETTA G. WHYTE, CLERK

                                  By: _____
                                       Deputy Clerk

Enclosures

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: ADVOCATE FINANCIAL, L.L.C.

CIVIL ACTION

NO: 10-1528

SECTION: "S" (1)

OPINION

Debtor, Advocate Financial, L.L.C., appeals the bankruptcy court's granting of Hancock Bank of Louisiana's motion to transfer the matter to the United States Bankruptcy Court for the Middle District of Louisiana. For the reasons set forth, the decision of the bankruptcy court transferring the matter to the United States Bankruptcy Court for the Middle District of Louisiana is **AFFIRMED**.[1]

BACKGROUND

Advocate Financial, L.L.C. ("Advocate") lends money to attorneys, law firms, and litigants to finance litigation expenses. Advocate's twenty-eight customers were located in Louisiana and

---

[1] Advocate Financial, L.L.C. is appealing an interlocutory order of the bankruptcy court, and did not file a motion for leave to appeal. However, pursuant to Rule 8003(c) of the Federal Rules of Bankruptcy Procedure, if a notice of appeal is timely filed, the district court may grant leave to appeal. Advocate Financial, L.L.C.'s notice of appeal was timely filed, therefore, it is hereby granted leave to appeal.

Texas. Specifically, fifteen of Advocate's customers were located within the Eastern District of Louisiana, eight were located in the Middle District of Louisiana, and the remainder were in the Western District of Louisiana or in Texas. Further, Advocate lent $12,300,000, to clients within the Eastern District of Louisiana, which comprised 57% of the total amount of Advocate's business in dollars.

In April 2003, Advocate took out a revolving line of credit with Hancock Bank of Louisiana ("Hancock Bank") to fund its lending operations. The loan became due on January 31, 2010. Advocate filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on March 2, 2010, in the United States Bankruptcy Court for the Eastern District of Louisiana.

At all relevant times prior to filing its bankruptcy petition, Advocate maintained its domicile, residence, and principal place of business in Baton Rouge, Louisiana, which is within the Middle District of Louisiana. Further, Advocate kept the promissory notes obtained from its customers in its Baton Rouge office. After it filed its bankruptcy petition, Advocate closed its Baton Rouge office and moved to New Orleans, Louisiana, which is within the Eastern District of Louisiana.

Hancock Bank filed a motion to transfer Advocate's bankruptcy case to the United States Bankruptcy Court for the Middle District of Louisiana arguing that venue was improper in the United States Bankruptcy Court for the Eastern District of Louisiana, because for the 180 days prior to filing its bankruptcy petition, Advocate's domicile, residence, principal place of business, and primary assets, the promissory notes, were located in Baton Rouge, Louisiana. The bankruptcy judge granted the motion. Advocate appealed.

## ANALYSIS

### A. Standard of review

District courts of the United States have jurisdiction to hear appeals from orders of the bankruptcy court. See 28 U.S.C. § 158(a). "[C]onclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*." In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

### B.   Advocate's Principal Assets

Advocate argues that the bankruptcy judge misapplied the bankruptcy venue statute, 28 U.S.C. § 1408.[2] Section 1408 provides in pertinent part that:

> [e]xcept as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district --
>
> > (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for one hundred and eighty days immediately preceding such commencement . . .

28 U.S.C. § 1408. The bankruptcy judge found that for the 180 days prior to the commencement of the bankruptcy proceeding, Advocate maintained its principal place of business in Baton Rouge, Louisiana, and that it kept its principal assets, the promissory notes, in Baton Rouge, Louisiana. As

---

[2] Hancock Bank argues that Advocate's brief did not address this issues raised in the designations accompanying its notice of appeal, and that Advocate did not raise the issue of whether promissory notes are equivalent to accounts receivable before the bankruptcy judge. The issues addressed in Advocate's brief can reasonably be inferred from the designations accompanying its notice of appeal. Further, in the bankruptcy proceeding, Advocate specifically stated that: "The assets are the borrowers, the customers. The paper represents their indebtedness." Therefore, the issue was raised before the bankruptcy judge.

3

a result, the bankruptcy judge found that venue was proper in the Untied States Bankruptcy Court for the Middle District of Louisiana, and transferred the case.

Advocate argues that the bankruptcy judge committed an error of law in finding that its principal assets were located within the Middle District of Louisiana, rather than within the Eastern District of Louisiana. Advocate argues that the location of its customers, i.e. the debtors on the promissory notes, rather than the location of the promissory notes, determines the location of its principal assets. Advocate analogizes its promissory notes to accounts receivable. Advocate cites cases in which the court found that the debtor's principal assets were accounts receivable, and found that accounts receivable are located where the account debtors are located. See In re J & L Plumbing & Heating, Inc., 186 B.R. 388 (E.D. Pa. 1995); In re World of English, 16 B.R. 817, 819 (Bankr. N.D. Ga. 1982); In re Mainline Contracting, Inc., 2009 WL 3785568 (Bankr. E.D.N.C. 11/10/09); In re Hopewell Int'l Ins. Ltd., 238 B.R. 25, 48 (Bankr. S.D.N.Y. 1999).

Under Louisiana law, promissory notes and accounts receivable are not analogous. A "promissory note" is "an instrument that evidences a promise to pay a monetary obligation." LOUISIANA REVISED STATUTES § 10:9-102(65). The definition of "account" specifically excludes "rights to payment evidence by chattel paper or an instrument." Id. at § 10:9-102(2). Further, when an instrument, such as a promissory note, is used as collateral, the security interest, can be perfected by taking possession of it. Id. at § 10:9-313(a).

Advocate used the promissory notes from its customers as collateral for its line of credit with Hancock Bank. Because possession of the promissory notes has legal significance, their location is relevant for determining the location of Advocate's principal assets. It is undisputed that the

promissory notes were located in Baton Rouge, Louisiana during the 180 days prior to Advocate's filing its petition for bankruptcy relief. Thus, the bankruptcy judge did not err in finding that, pursuant to section 1408, venue is proper in the Middle District of Louisiana

## CONCLUSION

The opinion of the bankruptcy court granting of Hancock Bank's motion to transfer the matter to the United States Bankruptcy Court for the Middle District of Louisiana is **AFFIRMED**.

New Orleans, Louisiana, this __23rd__ day of July, 2010.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

**CLERK'S OFFICE**
A TRUE COPY
Jul 27 2010
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

# U. S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:10-cv-01528-MVL-SS
# Internal Use Only

| | |
|---|---|
| In Re: Advocate Financial, L.L.C. | Date Filed: 05/20/2010 |
| Assigned to: Judge Mary Ann Vial Lemmon | Jury Demand: None |
| Referred to: Magistrate Judge Sally Shushan | Nature of Suit: 422 Bankruptcy Appeal (801) |
| Case in other court: US Bankruptcy Court, EDLA, 1010615 Sec. A-11 | Jurisdiction: Federal Question |

Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BAP)

Appellant
---

**Advocate Financial, L.L.C.**　　　　　　represented by **Dena Lynn Olivier**
Liskow & Lewis (New Orleans)
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: dlolivier@liskow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis Martin Laborde**
Baldwin, Haspel, Burke & Mayer, LLC
(New Orleans)
Energy Center
1100 Poydras St.
Suite 2200
New Orleans, LA 70163-2200
(504) 569-2900
Email: laborde@bhbmlaw.com
*ATTORNEY TO BE NOTICED*

**Marguerite Kern Kingsmill**
Kingsmill Riess, LLC
201 St. Charles Ave.
Suite 3300
New Orleans, LA 70170-3300
504-581-3300
Email: mkingsmill@kingsmillriess.com
*ATTORNEY TO BE NOTICED*

**Stephen P. Schott**
Baldwin, Haspel, Burke & Mayer, LLC
(New Orleans)

CLERK'S OFFICE
A TRUE COPY
Jul 27 2010
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

Energy Center
1100 Poydras St.
Suite 2200
New Orleans, LA 70163-2200
504-569-2900
Email: sschott@bhbmlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Hancock Bank of Louisiana**         represented by **Stephen P. Strohschein**
McGlinchey Stafford, PLLC (Baton Rouge)
301 Main Street
14th Floor
Baton Rouge, LA 70825
225-383-9000
Email: sstroh@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edgar S. Spielman**
McGlinchey Stafford, PLLC (Baton Rouge)
301 Main Street
14th Floor
Baton Rouge, LA 70825
225-383-9000
Email: sspielman@mcglinchey.com
*ATTORNEY TO BE NOTICED*

**Trustee**

**U.S. Trustee**                      represented by **U.S. Trustee**
Texaco Building
400 Poydras St., Suite 1820
New Orleans, LA 70130
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2010 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Judge Elizabeth W. Magner. Copy of Notice of Appeal and Designation(s) of Record received; filed by Advocate Financial, L.L.C. (Attachments: # 1 Transmittal Letter, # 2 Designation of Record on Appeal, # 3 USBC Docket Sheet, # 4 USBC Order)(ecm, ) (Entered: 05/21/2010) |
| 05/21/2010 | 2 | Bankruptcy Scheduling Order: Appellant Brief due by 6/4/2010. Appellee Brief due by 6/18/2010. Appellant Reply Brief due by 6/30/2010. Signed by the Clerk.(ecm, ) (Entered: 05/21/2010) |

| 05/27/2010 | 3 | EXPARTE/CONSENT MOTION for Extension of Time to File *Original Appeal Brief* by Advocate Financial, L.L.C.. (Attachments: # 1 Proposed Order)(Schott, Stephen) (Entered: 05/27/2010) |
|---|---|---|
| 05/28/2010 | 4 | ORDER granting 3 Motion for Extension of Time to File Appeal Brief until 6/24/2010. Signed by Judge Mary Ann Vial Lemmon. (ecm, ) (Entered: 05/28/2010) |
| 05/28/2010 | 5 | DESIGNATION of Record on Appeal by Hancock Bank of Louisiana re 1 Bankruptcy Appeal. (Attachments: # 1 Designation of Additional Papers from U.S. Bankruptcy Court)(ijg, ) (Entered: 06/01/2010) |
| 06/07/2010 | 6 | EXPARTE/CONSENT MOTION to Stay *Bankruptcy Proceedings* by Advocate Financial, L.L.C.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Transcript of Hearing on April 21, 2010, # 3 Exhibit Transcript of Hearing on May 21, 2010, # 4 Proposed Order)(Schott, Stephen) (Entered: 06/07/2010) |
| 06/11/2010 | 7 | RESPONSE/MEMORANDUM in Opposition filed by Hancock Bank of Louisiana re 6 MOTION to Stay *Bankruptcy Proceedings (w/certificate of service)*. (Attachments: # 1 Certificate of Service)(Strohschein, Stephen) Modified docket text on 6/14/2010 (ecm, ). (Entered: 06/11/2010) |
| 06/15/2010 | 8 | ORDER that the date for Advocate Financial, L.L.C. to file its reply brief is changed to July 15, 2010. Signed by Judge Mary Ann Vial Lemmon.(ecm, ) (Entered: 06/15/2010) |
| 06/24/2010 | 9 | Appellant's BRIEF by Advocate Financial, L.L.C.. (Attachments: # 1 Exhibit Names and Addresses of Account Debtors, # 2 Exhibit Transcript of Hearing)(Schott, Stephen) (Entered: 06/24/2010) |
| 07/08/2010 | 10 | Appellee's BRIEF by Hancock Bank of Louisiana. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service)(Spielman, Edgar) (Entered: 07/08/2010) |
| 07/15/2010 | 11 | Appellant's Sur-Reply BRIEF by Advocate Financial, L.L.C. (Attachments: # 1 Exhibit A)(Laborde, Dennis) Modified docket text on 7/16/2010 (ecm, ). (Entered: 07/15/2010) |
| 07/16/2010 | | (Court only) ***Deadlines terminated. (ecm, ) (Entered: 07/16/2010) |
| 07/23/2010 | 12 | OPINION: The opinion of the bankruptcy court granting of Hancock Bank's motion to transfer the matter to the United States Bankruptcy Court for the Middle District of Louisiana is Affirmed. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) (Entered: 07/26/2010) |